# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSE GALLIMORT, | Case No. 2:17-cv-01610-RFB-PAL

Petitioner, | **ORDER**

v.

JAMES DZURENDA, et al.,

Respondents.

Before the court are the petition for a writ of habeas corpus (ECF No. 6), respondents' motion to dismiss (ECF No. 8), and petitioner's opposition (ECF No. 12). Also before the court are petitioner's motion for default (ECF No. 9), respondents' opposition (ECF No. 10), and petitioner's reply (ECF No. 11).

**Motion for Default**

Petitioner's motion for default argues that respondents filed their motion to dismiss late. On October 31, 2017, the court entered its order directing a response within forty-five (45) days.[1] Respondents filed their motion to dismiss (ECF No. 6) on December 15, 2017, which is forty-five (45) days later. The motion to dismiss is timely, and petitioner's motion for default is without merit.[2]

---

[1] The court signed the order on October 30, 2017, but the clerk filed it and served it electronically on October 31, 2017.

[2] Furthermore, default judgment does not exist in habeas corpus. <u>Gordon v. Duran</u>, 895 F2d 610 (9th Cir. 1990).

**Motion to Dismiss**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

In this action, petitioner alleges that the prison is not applying credits toward his minimum term under the version of Nev. Rev. Stat. § 209.4465 that was in effect at the time he was sentenced. Respondents argue that petitioner never has presented this claim to the state courts. Petitioner counters that he has presented his claim through all levels of the administrative grievance procedure. The administrative grievance procedure is not sufficient to exhaust remedies when a state-court remedy is available. Nevada allows a post-conviction habeas corpus petition that challenges the computation of time. Nev. Rev. Stat. § 34.724(1).[3] The Nevada Supreme Court has held meritorious a claim that is similar to petitioner's claim. See Williams v. State Dep't of Corr., 402 P.3d 1260 (Nev. 2017).[4] The petition is completely unexhausted.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's motion for default (ECF No. 8) is **DENIED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (ECF No. 6) is **GRANTED**. This action is **DISMISSED** without prejudice because petitioner has not exhausted his available state-court remedies. The clerk of the court shall enter judgment accordingly and close this action.

---

[3] Petitioner is aware of this procedure, because he has attached a copy of a state sentence-computation petition to the current federal petition. In that petition, petitioner claimed that the Nevada Department of Corrections should have aggregated all his minimum sentences into one sentence for parole eligibility and earning of credits. That is not the same claim that petitioner presents to this court. Consequently, that state petition has no effect upon the exhaustion requirement.

[4] The court makes no statement whether petitioner's claim has merit.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

DATED: September 6, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge